UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN RICHARD POKRAS,<br><br>　　　　　Petitioner<br><br>　　　v.<br><br>LANCASTER STATE PRISON, SUPERIOR COURT OF CALIFORNIA, LOS ANGELES,<br><br>　　　　　Respondents. | Case No. 2:21-cv-00978-JVS (GJS)<br><br>ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |

On February 1, 2021, Petitioner, a state prisoner, filed a 28 U.S.C. § 2254 habeas petition [Dkt. 1, "Petition"]. Petitioner names as Respondents his present correctional institution and the Los Angeles County Superior Court.

The Petition relates to a restitution fine situation. Petitioner alleges that on an unspecified date (apparently in 2019) he filed a petition to modify a restitution fine imposed under California Penal Code § 1202.4 when he was sentenced, and the trial court granted the petition on June 17, 2019. A copy of the trial court's minute order is attached to the Petition (at p. 9) and indicates that the trial court ordered the Section 1202.4 restitution fine to be stayed based on a change in California law, the benefit of which inured to Petitioner. In his sole habeas claim, Petitioner complains that, notwithstanding the trial court's Order staying the Section 1202.4 restitution

fine, the California Department of Corrections and Rehabilitation ("CDCR") is enforcing a separate fine under California Penal Code § 1202.45 that was imposed when Petitioner was sentenced. [Petition at p. 5.] A copy of the Second Level Response in connection with Petitioner's administrative grievance filings is appended to the Petition (at p. 14), and it indicates that: the CDCR apparently believes that the Section 1202.45 fine remains in effect notwithstanding the June 17, 2019 trial court Order; and it has suggested that Petitioner contact the trial court to obtain any further modification of his sentence.

## DISCUSSION

Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), permits this Court to "apply any or all of these rules" to any habeas petition. Rule 4 of the Habeas Rules requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. For the following reasons, the Court has concluded that Habeas Rule 4 required the summary dismissal of the Petition.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (internal citation omitted). In *Nettles v. Grounds,* 830 F.3d. 922 (9th Cir. 2016) (*en banc*), the Ninth Circuit held that habeas corpus and civil rights are mutually exclusive remedies. A Section 1983 action is the "exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus" and, consequently, "habeas is available only for state prisoner claims that lie at the core of habeas." *Id.* at 927, 930. A claim lies within the core of habeas *only* if success would "necessarily lead to immediate or speedier release."

*Id.* at 934. *Nettles* made clear that, to be cognizable in habeas, a claim has to necessarily accelerate release—not just likely, or merely potentially, accelerate release—from confinement if successful. *See id.* at 934-35.

It is well established that Section 2254 is not a viable vehicle for a claim attacking the propriety of a restitution fine imposed by a state court. Section 2254 carries with it an "in custody" requirement, namely, that the petitioner must be "in custody" pursuant to the conviction or sentence under attack. See 28 U.S.C. § 2254(a); *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). "Custody" includes significant or severe restraints on liberty, but it does not include mere collateral consequences of a conviction, such as orders for restitution. *Id.* at 978-81 (claim that petitioner ordered to pay restitution in violation of Constitution does not constitute claim that petitioner is in custody in violation of Constitution); *Flores v. Hickman*, 533 F.Supp.2d 1068, 1085 (C.D. Cal. 2008) (trial court's imposition of restitution not cognizable on habeas review under Section 2254 because restitution order does not affect duration of custody); *see also Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) (observing that, "[i]n general, courts hold that the imposition of a fine . . . is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement").

Here, Petitioner's claim seems to be not that the Section 1202.45 restitution fine is invalid in and of itself but, rather, that the fine cannot be enforced in light of the trial court's June 17, 2019 Order staying the restitution fine imposed under Section 1202.4. Even if Petitioner is correct and the CDCR should not be enforcing the Section 1202.45 restitution fine, the fact and duration of his custody would not be affected by any relief that could be granted (such as an order directing that the Section 1204.45 fine not be collected and/or that any sums collected be refunded). Whether construed as an attack on the Section 1202.45 restitution fine itself or as an attack on its enforcement, Petitioner's restitution fine-based claim does not implicate the fact or duration of Petitioner's confinement, and thus, it does not lie at

the core of habeas and is not cognizable under Section 2254. *See* 28 U.S.C. § 2254(a); *Nettles*, 830 F.3d at 934-35; *Bailey*, 599 F.3d at 980. Instead, the claim alleged in the Petition must be raised by way of a 42 U.S.C. § 1983 complaint or through some other form of civil action, rather than through a habeas petition brought under Section 2254.

The Court may construe a flawed habeas petition as a civil rights complaint. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The question then is whether the Court should convert the Petition to a Section 1983 action. *See Nettles*, 830 F.3d at 936. The Ninth Circuit made clear in *Nettles* that courts should convert a habeas petition to a Section 1983 complaint only if it "is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *Id.* (citation and quotation marks omitted).

The Court concludes that the Petition is not amenable to conversion to a Section 1983 complaint and that doing so would be inappropriate for a number of reasons. First, prisoner civil rights actions are subject to more stringent procedural requirements than Section 2254 actions, including that a prisoner must either pay the $350 filing fee upfront or obtain permission to do so over time.[1] In either instance, a $350 filing fee is a much heavier financial burden than the $5 filing fee for habeas petitions and it should be up Petitioner to decide if he wishes to incur that burden. In addition, if a civil rights complaint is dismissed as malicious, frivolous, or for failure to state a claim upon which relief can be granted, that dismissal can count as a "strike" against the prisoner-plaintiff under 28 U.S.C. § 1915(g), which can impair his or her ability to bring civil rights actions in the future. Again, it should be up to

---

[1] Petitioner is a prisoner, and thus, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through and initial partial payment and monthly payments thereafter rather than prepaying the entire amount. The Petition was not accompanied by the $350 filing fee or a request to proceed without prepayment of the full filing fee, nor was it accompanied by a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a) or an authorization by Petitioner to have the $350 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b).

4

1  Petitioner to decide if he wishes to incur that risk.

2  Second, the claim alleged in the Petition is not cognizable as a civil rights
3  claim as it presently is alleged. Petitioner does not allege that the CDCR's
4  enforcement of the Section 1202.45 restitution fine violates any federal right he
5  possesses, constitutional or otherwise – a requisite to stating a viable Section 1983
6  claim. Petitioner cannot amend to allege that this situation deprives him of federal
7  due process, because any such claim would not be viable.[2] No other possible federal
8  constitutional provision appears to be implicated by the situation he alleges, which
9  instead appears to implicate only a purely state law issue, *i.e.,* whether the Section
10  1202.45 restitution fine is foreclosed by reason of the trial court's June 17, 2019
11  Order. This alone could result in the almost instant dismissal of the case if the
12  Petition were to be converted to a civil rights action, thereby causing Petitioner to
13  incur a Section 1915(g) strike and liability for the $350 filing fee for an action that
14  did not survive the pleading stage.

15  Third, the Petition does not name an appropriate defendant for any civil
16  action. Neither Petitioner's prison nor the trial court would be proper defendants for
17  the claim he raises and apparent relief he seeks.

18  For these reasons, the Court believes it is appropriate to dismiss the Petition,
19  without prejudice, so that, in light of these potential burdens to Petitioner attendant
20  to conversion, he can determine whether or not he wishes to raise his claim through
21  a properly-submitted civil complaint alleging an appropriate theory and request for
22  relief against an appropriate defendant.

---

[2]  A negligent or intentional deprivation of property under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if state law affords plaintiff a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). California law provides an adequate post-deprivation remedy for property deprivations caused by public officials. *Id.*; *see California Government Code* §§ 900 et seq. The Petition contains a copy of a letter from California's Government Claims Program indicating that Petitioner has pursued this remedy. [Petition at p. 11.]

1   Accordingly, for the foregoing reasons, it is ORDERED that the Petition is
2  DISMISSED WITHOUT PREJUDICE.
3   In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254
4  Cases in the United States District Courts, the Court has considered whether a
5  certificate of appealability is warranted in this case.  See 28 U.S.C. § 2253(c)(2);
6  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that a
7  certificate of appealability is unwarranted, and thus, a certificate of appealability is
8  DENIED.
9   LET JUDGMENT BE ENTERED ACCORDINGLY.

12  DATED:  February 08, 2021

 _____
 JAMES V. SELNA
 UNITED STATES DISTRICT JUDGE

16  Submitted by:

 _____
 GAIL J. STANDISH
 UNITED STATES MAGISTRATE JUDGE